UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIPPE NYC I LLC and PHILIPPE IP LLC, | Case No. 14 CV 9858 |
| Plaintiffs, | |
| -against- | |
| PHILIPPE WEST COAST, LLC, IMANI RESTAURANT GROUP, INC., IMANI HALLEY and YOLANDA HALLEY, | **MEMORANDUM OF LAW TO SET ASIDE ENTRY OF DEFAULT** |
| Defendants | |

# Table of Contents

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**................................1

II. **ARGUMENT AND CITATION OF AUTHORITY** ................................................4

    A.   The Good Cause Standard................................................................................................4

    B.   The Default was Not Willful ...........................................................................................5

    C.   Setting Aside the Default Would Not Cause Prejudice to Plaintiff...........................5

    D.   Defendant Presents Several Meritorious Defenses ....................................................6

        1.   Defendants Have Not Been Properly Served.........................................................7

        2.   The Forum Selection Clause is Invalid ..................................................................8

        3.   Improper Venue........................................................................................................10

III. **CONCLUSION**............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Crotona 1967 Corp. v. Vidu Bro. Corp.,* No. 09 CIV 10627, 2010 WL 5299866, at *1 (S.D.N.Y. Dec. 21, 2010) ............................................................................................................................ 9

*FedEx TechConnect, Inc. v. OTI, Inc.,* No. 12 CIV. 1674 RJS, 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (*citing In re Martin–Trigona,* 763 F.2d 503, 505 n. 2 (2d Cir.1985)) ............................................................................................................................................. 6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) ................................... 7

*NBA Props., Inc. v. Salvino, Inc.,* 2000 WL 323257, at *3–4, 2000 U.S. Dist. LEXIS 3799, at *9 (S.D.N.Y. Mar. 27, 2000)) ......................................................................................................... 10

*Peterson v. Syracuse Police Dep't,* 467 F. App'x 31 (2d Cir. 2012) (citing *Enron Oil Corp.,* 10 F.3d 90, 96 (2d Cir.1993)) ..................................................................................................... 4, 5

*Tetra Ec, Inc. v. White Holly Expeditions, LLC,* 2010 U.S. Dist. LEXIS 92935 (M.D. Fla. Aug. 16, 2010) ..................................................................................................................................... 7

*Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf,* 241 F.R.D. 451 (S.D.N.Y. 2007) ........ 4, 5, 6

**Other authorities**

CA. R. USDCTCD. Civ. Rule 3-2 ................................................................................................. 6
CA. R. USDCTCD. Civ. Rule 4-1 ................................................................................................. 6
CA. R. USDCTCD. Civ. Rule. 5-3 ................................................................................................ 6
Fed. R. Civ. P. 55(c) ...................................................................................................................... 4
Fed. R. Civ. P. 4 ......................................................................................................................... 6, 7
Fed. R. Civ. P. 12(b)(3) ................................................................................................................. 9

COMES NOW Philippe West Coast, LLC, Imani Restaurant Group, Inc. Imani Halley and Yolanda Halley (hereafter, the "Defendants") in the above-captioned action, and pursuant to Federal Rule of Civil Procedure 55(c), files the foregoing Memoranda of Law in support of its Motion to Set Aside Entry of Default, respectfully shows the Court as follows:

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Philippe NYC I LLC and Philippe IP LLC (hereafter, the "Plaintiffs") allege that the Defendants are former licensees of the Plaintiffs' intellectual property and have stolen and unfairly profited from the Plaintiffs' trademarks, service marks, trade dress and other intellectual property by operating a "Philippe" restaurant subsequent to the termination of its licensing agreement. (Doc. No. 1, ¶ 1).

Defendant Philippe West Coast, LLC ("Philippe West") is a limited liability company organized and existing under the laws of the State of California.

Philippe West formerly operated a Philippe Restaurant at 8284 Melrose Avenue, West Hollywood, California (the "West Hollywood Philippe"), pursuant to a site-specific licensing agreement, which allegedly terminated upon the closing of West Hollywood Philippe in 2013.

Defendant Imani Restaurant Group, Inc. ("Imani Group") is a corporation organized and existing under the laws of the State of California, with a place of business at 2029 Century Park East, Suite 1115, Los Angeles, California 90067.

Defendant Mr. Imani ("Manny") Halley (Mr. Halley") is a citizen and resident of California. Mr. Halley is the President of Imani Group.

Defendant Mrs. Yolanda Halley ("Mrs. Halley") is the wife of Mr. Halley. Mrs. Halley is a citizen and resident of California.

On December 13, 2014, the Defendants were allegedly personally served with the Summons and Complaint. (Doc. No. 3-7). According to the Plaintiffs' Affidavits of Service, their Process Server served Mr. Halley. Their Process Server described Mr. Halley as "a black male, approximately 50 years of age, stands 5 feet 9 inches tall, weighs approximately 170 pounds with black hair.

However, according to the personal knowledge of both Mr. and Mrs. Halley, Mr. Halley does not fit the Process Server's description. Instead, Mr. and Mrs. Halley contend that Mr. Halley appears as a dark brown male, approximately 25 years of age, stands 5 feet 11 inches tall, and weighs approximately 125 pounds with black hair.

Even if service of process was proper, neither Mr. Halley nor Mrs. Halley is an attorney, so neither immediately understood the legal ramifications of the Summons and Complaint. In fact, Mr. and Mrs. Halley are restaurant managers. Moreover, Mr. and Mrs. Halley did not believe that taking any action with regard to the Summons and Complaint was necessary because Mr. and Mrs. Halley had every intention of resolving the alleged issues asserted by Plaintiffs in their Complaint.

As the Defendants attempted to resolve this matter, they also failed to file and serve a response by the January 5, 2015 deadline.

Shortly thereafter Mr. Halley contacted Mr. James E. McMillan, attorney at James E. McMillan, P.C., for the purpose of retaining him in the above captioned matter.

On January 7, 2015, Mr. McMillan contacted Mr. Lawrence Hirsh, counsel for Plaintiffs, and informed Mr. Hirsh that he may be retained as counsel for the Defendants and inquired whether Plaintiffs were willing to grant an extension for Defendants to respond to the Complaint. (Aff. McMillan. ¶ 7).

In an email dated January 8, 2015, Mr. Hirsh stated that the Plaintiffs were in fact willing to agree to stipulate to extend the time for Defendants to respond, provided that the Defendants waive any objection to the service of process upon them. (See Doc. No. 8, ¶ 9).

Seven days later, on January 15, 2015, Mr. Hirsh emailed Mr. McMillan a proposed stipulation. A true and accurate copy of the email is attached as Exhibit "A". However, said stipulation included a term that Mr. Hirsh and Mr. McMillan never agreed upon or much less, discussed; Mr. Hirsh augmented his stipulation with a waiver of venue term as well.

Mr. McMillan never agreed to waive venue. See Exhibit "B". Most importantly, Mr. McMillan is prepared to contest venue since the alleged infringement occurred in California and all of the Defendants reside in California. Accordingly, Mr. McMillan did not sign Mr. Hirsh's stipulation. (McMillan Aff. ¶ 10).

In the midst of negotiating an appropriate retainer with the Defendants and discussing an adjournment with Plaintiffs' counsel, Mr. Hirsh, Mr. McMillan is currently involved in a federal matter in California. Specifically, Mr. McMillan is a defendant and a third party plaintiff in *Amethyst Kelly vs. Primco Management*, et al. 1:13-CV-01015-TWT. Mr. McMillan's involvement in the California action, delayed his ability to get up to speed on the facts associated with this case. Although Mr. McMillan fully intended to respond to Mr. Hirsh and address his proposed flawed stipulation, Mr. McMillan's inability to respond was not a willful failure to respond or in any way an intentional or reckless disregard for judicial proceedings. (McMillan Aff. ¶ 11).

On January 29, 2015, the Plaintiffs moved for a clerk's entry of default. (Doc No. 9). And on that same day, the Clerk filed a Clerk's Certificate of Default. (Doc. No. 10). The Defendants

now move this Court, pursuant to Federal Rule of Civil Procedure 55(c) and for good cause shown, to set aside the entry of default and/or deny Plaintiffs' Request for Entry of Default.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Good Cause Standard

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 453 (S.D.N.Y. 2007). Fed. R. Civ. P. 55(c) does not define "good cause," the Second Circuit has stated that district courts must apply the following three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993); *See S.E.C. v. U.N. Dollars Corp.*, No. 01 CIV. 9059 (AGS), 2003 WL 192181, at *1 (S.D.N.Y. Jan. 28, 2003). The same factors are applied in a Rule 60(b) motion to set aside a default judgment, but the factors are applied more rigorously. *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (citing *Enron Oil Corp.*, 10 F.3d 90, 96 (2d Cir.1993)). Here, Defendants moved for relief under Rule 55(c) before the entry of default judgment, therefore their motion must be considered under the "good cause" standard. *See Peterson*, 467 F. App'x 31, 33 (2d Cir. 2012).

An entry of default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides [the plaintiff] is entitled." *Id.* at 34 (2d Cir. 2012) (quoting *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir.2011)). A default judgment cannot be entered until the amount of damages is determined. *Id.* (citing *Enron Oil Corp.*, 10 F.3d 90, 97 (2d Cir.1993)).

Although it is within the district court's discretion to determine whether good cause exists, there is a preference for resolving disputes on the merits and resolving doubts in favor of the defaulting party. *Id.* at 453-54 citing (*Ernon Oil Corp.*, 10 F.3d at 95, 966)).

B.   **The Default was Not Willful**

The Second Circuit interprets willfulness as more than merely negligent or careless conduct. *Todtman, Nachamie, Spizz & Johns, P.C.*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007). District courts have found conduct willful where the litigant or counsel has exhibited notorious conduct or when a defendant ignores a complaint without action. *Id.*

Here, Defendants' default was not willful because Mr. McMillan was in the process of negotiating a retainer agreement with Defendants. (McMillan Aff. ¶ 7). Mr. Hirsh also augmented his stipulation with a waiver of venue term, which Mr. McMillan never agreed to waive. (McMillan Aff. ¶¶ 9, 10). Additionally, Mr. McMillan is currently involved in a federal case in California, *Amethyst Kelly vs. Primoco Management, et al 1:13-CV-01015-TWT*, as a defendant and third party plaintiff. (McMillan Aff. ¶ 11). Mr. McMillan's involvement in this delayed his ability to familiarize himself with the facts of the case and to respond to the flawed stipulation, but it was not a willful failure to respond. (McMillan Aff. ¶ 11).

C.   **Setting Aside the Default Would Not Cause Prejudice to Plaintiff**

Delay alone is not sufficient for establishing prejudice. *Id.* at 455 (S.D.N.Y. 2007) (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983)). The plaintiff must show that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collision". *Id.* (quoting *10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil, § 2699* at 536–37 (1983)).

Here, Defendants' default will not cause prejudice to Plaintiffs because any delay that may occur once the entry for default is denied will not cause a loss of evidence, increased difficulties of discovery, or provide greater opportunity for fraud and collision. (McMillan Aff. ¶ 14). Furthermore, Mr. Hirsh was already willing to stipulate that Defendants be given a three-week extension to reply to the Complaint. As such, at this time, it does not appear that the Plaintiffs suffered any prejudice or will suffer any prejudice once the entry for default is denied. (McMillan Aff. ¶ 14).

### D. Defendant Presents Several Meritorious Defenses

The defendant must present facts that would create a complete defense if proven at trial. The defendant does not need to establish a conclusive defense. *Id.* The defaulting party must present a defense that evidences that if relief is granted the outcome of the case may be different than if the entry of default were allowed to stand. *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 CIV. 1674 RJS, 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (*citing In re Martin–Trigona*, 763 F.2d 503, 505 n. 2 (2d Cir.1985)). Defendants must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *Id.* (citing *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y.1993) (quoting *Davis*, 713 F.2d at 916)).

Here, the Defendants have several meritorious defenses to the claims asserted by Plaintiff. First, Plaintiffs did not properly serve the Summons and Complaint upon Defendants. Second, the Southern District of New York cannot exercise personal jurisdiction over Defendants. Third, the venue is improper.

### 1.     Defendants Have Not Been Properly Served

Upon information and belief Plaintiffs did not properly serve Defendants, therefore Defendants contest service of process pursuant to Fed. R. Civ. P. 4, CA. R. USDCTCD. Civ. Rule. 5-3, CA. R. USDCTCD. Civ. Rule 3-2, and CA. R. USDCTCD. Civ. Rule 4-1. Under Fed. R. Civ. P. 4 "Service of process is the method through which a court may acquire personal jurisdiction over a defendant; without proper service, a court may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Federal Rule of Civil Procedure 4(h)(1) provides for two methods of service to a corporation within a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. *Tetra Ec, Inc. v. White Holly Expeditions, LLC*, 2010 U.S. Dist. LEXIS 92935 (M.D. Fla. Aug. 16, 2010).

Upon information and belief, Plaintiffs did not affect service under Subsection B, and Plaintiff does not allege to have mailed a copy of the Summons and Complaint. Federal Rule of Civil Procedure 4(h)(1)(A) provides that an entity may be served in a manner prescribed by rule 4(e)(1), which allows service upon an entity in accordance with the law of the state wherein the district court resides or the law of the state where service is to be made.

Upon information and belief, the Defendants have not been properly served in accordance with the Federal Rules, and for that reason this court has not acquired jurisdiction over the Defendants and cannot enter a default judgment. *Murphy Bros., Inc.*, 526 U.S. at 344. Entry of default must be set aside.

### 2. The Forum Selection Clause is Invalid

The Second Circuit has implemented a four-part analysis, the "*Phillips* analysis", to determine whether to dismiss a claim based on a forum selection clause. Prod. Res. Grp., L.L.C., 907 F. Supp. 2d 401, 408 (S.D.N.Y. 2012) (citing *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir.2010) (citing *Phillips* v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir.2007)). Under the *Phillips* analysis the Court must: (1) determine whether the clause at issue was reasonably communicated to the party resisting enforcement; (2) determine whether the clause is mandatory or permissive; (3) determine whether the clause covers the claims and parties involved in this action; and (4) as satisfaction of the first three steps creates a presumption of enforceability, the Court must determine whether the resisting party has rebutted the presumption by demonstrating "that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Prod. Res. Grp., L.L.C.*, 907 F. Supp. 2d at 408 (S.D.N.Y. 2012) (citing *S.K.I. Beer Corp.*, 612 F.3d 708, 711 (2d Cir.2010); see also *Phillips*, 494 F.3d at 383–84)).

Here, with regard to the first prong of the *Phillips* test, the forum selection clause in the alleged licensing agreement was not reasonably communicated to the Defendants, the party resisting enforcement. Defendants are mere restaurant managers, not lawyers or contract experts. Defendants do not have the necessary experience or credentials to understand the legal consequences of the issues concerning a forum selection clause. The language of the forum selection clause is unreasonable because it is composed of legalese, which is difficult for laypeople, including restaurant managers such as the Defendants, to understand. So it is fair to say Plaintiffs wrote the forum selection clause to be unilaterally accepted by only the Plaintiffs. Therefore, the first prong weighs in favor of the Defendants.

Here, with regard to the second prong of the *Phillips* test, the forum selection clause is mandatory based on the language "shall be brought in". Therefore, the second factor weighs in favor of the Plaintiffs.

With regard to the third prong in the *Phillips* test, the forum selection clause does not cover all of the claims and parties involved in this action. The alleged licensing agreement containing the forum selection clause is between Dave 60 NYC, Inc. and Philippe West Imani Restaurant Group, Inc. Dave 60 NYC, Inc. is not a plaintiff in the above captioned action. Imani Group was not a party in the alleged licensing agreement containing the forum selection clause, however Plaintiffs incorrectly named Imani Group as a defendant in the above captioned matter. Further, neither Mr. Halley nor Mrs. Halley was a party to the alleged licensing agreement containing the forum selection clause, however Plaintiffs also incorrectly named Mr. and Mrs. Halley as defendants in the above captioned matter. In an attempt to boot-strap venue, Plaintiffs' assert a forum selection clause in a licensing agreement that they were not a party to. Further, Plaintiffs incorrectly assert said licensing agreement against three defendants here, which are not even parties to the agreement. Therefore, the third prong weighs in favor of the Defendants.

With regard to the fourth prong, two of the necessary prongs have not been satisfied; therefore there is no presumption of enforceability. Defendants did not purposely avail themselves to be subject to New York's jurisdiction because they did not engage in or conduct activities within New York, nor do Plaintiff's claim that Defendants engaged or conducted activities in New York. For these reasons and the reasons stated above, the forum selection clause is invalid. Furthermore, although the Plaintiffs have not satisfied the elements of the *Phillips* test, the Court should determine that enforcement would be unjust and unreasonable because the forum selection clause is invalid. And further it would be unjust and unreasonable to

demand all of the Defendants and possible witnesses, who are all California residents, to travel from California to New York due to the cost and expenses of such travel and the costs and expenses associated with defending a lawsuit. Accordingly, the Defendants have rebutted any presumption of enforceability of the forum selection clause in Plaintiffs' alleged licensing agreement. Therefore, the Court does not personal jurisdiction over Defendants. Without personal jurisdiction over Defendants the case has to be dismissed.

### 3. Improper Venue

Venue is improper here because all of the Defendants reside in California and the alleged licensing agreement, which this action arises out of, was executed in California. Further, in conjunction with the invalid forum selection clause discussed above, this case cannot proceed in the Southern District of New York.

Pursuant to Fed. R. Civ. P. 12(b)(3) a case must be dismissed for improper venue. A case has to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Crotona 1967 Corp. v. Vidu Bro. Corp.*, No. 09 CIV 10627, 2010 WL 5299866, at *1 (S.D.N.Y. Dec. 21, 2010) (quoting 28 U.S.C. § 1391(a)(2)). California is where the alleged infringement occurred. California is also where Defendants reside. Accordingly, California is where any probable witnesses may be located. "The purpose of venue is ordinarily to protect the defendant from unfairness or inconvenience." *Id.* (citing *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183–84 (1979)). Subjecting the Defendants to venue in New York based on an invalid forum selection clause, the costs and expenses of traveling and the costs and expenses of defending a lawsuit in New York would be unfair. Further, imperiling the Defendants to venue in New York when the center of the matter at issue is in California where Philippe West is located.

Philippe West is at issue and the alleged activities surrounding the restaurant are the subject of this case. The alleged causes of action bear no relation to New York. New York is not reflective of the locus of operative facts and as such New York does not have a meaningful connection with the underlying facts, nor is it the natural focus of the litigation.

## II.   CONCLUSION

Applying the more liberal "good cause" standard of Fed. R. Civ. P. 55(c), the Defendants have demonstrated good cause to justify setting aside the entry of default. The default resulted not from a willful disrespect for the legal process, but from Plaintiffs' lack of familiarity with that process, and Plaintiffs' counsel, Mr. McMillan's inability to hastily react due to his involvement in a federal case in California and the insupportable stipulation for adjournment drafted by Plaintiffs'' counsel, Mr. Hirsh. Moreover, the Plaintiffs will suffer no prejudice if the default is set aside, particularly because Mr. Hirsh agreed to grant a three week adjournment due to the fact Plaintiffs would suffer no harm if the adjournment was granted. Finally, the Defendants have presented several meritorious defenses. The record simply does not reflect an "extreme situation" warranting the drastic remedy of a default judgment. In light of the foregoing, the Defendants respectfully request that this Court set aside the entry of default.

Respectfully Submitted, this 8th day of February, 2015.

   /s/ James E. McMillan
James E. McMillan, Esq.
James E. McMillan, P.C.
1 Little West 12th Street
New York, New York 10014
Tel: (212) 986-6262
Fax: (212) 813-3212