UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIPPE NYC I LLC and PHILIPPE IP LLC,<br><br>                              Plaintiffs,<br><br>-against-<br><br>PHILIPPE WEST COAST, LLC, IMANI RESTAURANT GROUP, INC., IMANI HALLEY and YOLANDA HALLEY,<br><br>                              Defendants. | Case No. 14-cv-09858 (NRB)<br><br>Hon. Naomi Reice Buchwald<br><br>**DECLARATION IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS** |

Nicholas M. Menasché, an attorney duly admitted to practice before the Bar of the Courts of the State of New York, duly declares under the penalties of perjury that the following facts are true:

1. I am a partner with the law firm of Robinson Brog Leinwand Greene Genovese & Gluck P.C., attorneys for Plaintiffs Philippe NYC I LLC and Philippe IP LLC (the "Philippe Plaintiffs"), and I respectfully submit this affirmation in support of the Philippe Plaintiffs' application for a Default Judgment against Defendants Philippe West Coast, LLC, Imani Restaurant Group, Inc., Imani Halley and Yolanda Halley (collectively, "Defendants"), who have failed to appear or timely file or serve a response to the Complaint.

2. Based upon my review of the files in the possession of my firm, and my representation of the Philippe Plaintiffs, I am familiar with the facts and circumstances set forth herein.

3. This action was initiated in this Court when the Philippe Plaintiffs filed a summons and complaint on December 12, 2014 (the "Complaint"). A true and accurate copy of the Court Docket in this action is attached hereto as **Exhibit "A"**.

4. On December 13, 2014, Defendants were personally served with the Summons and Complaint. A true and accurate copy of the Affidavits of Service, filed with the Court on January 20, 2015, and January 28, 2015, are attached hereto as **Exhibit "B"**.

5. Defendant Manny Halley confirmed to the process server that neither he nor his wife, defendant Yolanda Halley, were in the military.

6. On February 9, 2015, Defendants appeared and filed a motion to dismiss the Complaint. (Docket Nos. 11, 14-15.)

7. On February 11, 2015, the Court denied Defendants' motion to dismiss the Complaint without prejudice to refiling. (Docket Nos. 18.)

8. On March 10, 2015, Defendants filed a second motion to dismiss the Complaint, which the Philippe Plaintiffs opposed. (Docket Nos.20-39.)

9. On March 24, 2016, the Court entered its Memorandum and Order denying Defendants' second motion to dismiss in its entirety. (Docket No. 47.)

10. Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, Defendants were required to serve a pleading responsive to the Complaint within fourteen (14) days after notice of the Court's action, which was on or before April 7, 2016.

11. Defendants failed to file a pleading responsive to the Complaint on or before April 7, 2016.

12. On May 19, 2016, the Court granted the motion of Defendants' counsel, James E. McMillan, withdrawing as counsel for Defendants. (Docket No. 51.)

13. The Court ordered that (a) the "failure of any corporate entities named as defendants to retain new counsel within thirty (30) days to do so will result in the entry of a default," (b) the individual defendants must "inform m the court within thirty (30) days if they

have decided to represent themselves," and (c) the action is stayed for a period of thirty (30) days. (Docket No. 52.)

15. On July 21, 2016, the Court granted Mr. Accetta's motion to withdraw as counsel due to a conflict of interest and stayed the case for thirty (30) days, until August 20, 2016. (Docket No. 57.)

14. On June 20, 2016, new counsel, Anthony Accetta, appeared on behalf of Defendants. (Docket No. 53.)

16. At this time, new counsel for Defendants has not appeared in the above-captioned action and Defendants have not filed a pleading responsive to the Complaint.

17. The Complaint, to which no response has been made, was filed with the Court's ECF system and properly served on all Defendants.

18. By failing to respond to the Complaint, Defendants have failed to plead or otherwise defend the above-captioned action.

19. Accordingly, Defendants are in default.

20. On September 15, 2016, the Clerk of the Court entered Defendants' default. A true and accurate copy of the Clerk's Certificate is attached hereto as **Exhibit "C"**.

**WHEREFORE**, your Declarant respectfully requests that, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court enter a Default Judgment against Defendants, together with such other and further relief as the Court may deem just and proper under the circumstances, ordering:

    i. An injunction permanently enjoining and restraining Defendants, their officers, agents, servants, heirs, employees, successors, assigns, subsidiaries and affiliates, and all persons in privity with them, from

    a. Displaying, promoting, advertising, selling or offering for sale services and food under the Philippe, Philippe Chow, or Philippe by Philippe Chow trademarks and service marks (the "Marks"), Plaintiffs' trade dress, or any other name or trade dress confusingly similar to the Marks and Plaintiffs' trade dress, in violation of Plaintiffs' rights;

    b. Injuring Plaintiffs' business reputation or diluting the distinctive quality of the Marks or Plaintiffs' trade name, Philippe;

    c. Passing off or otherwise representing to the trade or public in any way that any services or food sold by Defendants emanate from or are related in source or sponsorship of Plaintiffs; and

    d. Engaging in unfair competition or deceptive trade practices or acts in the conduct of Defendants' business by means of selling services or food under the Marks or Plaintiffs' trade dress, or any other name or trade dress confusingly similar to the Marks or Plaintiffs' trade dress;

ii. An award of monetary damages, in an amount to be determined by the Court but reasonably believed to be in excess of ten million dollars, including prejudgment interest, attorneys fees, costs and expenses; and

iii. For all other relief as to which this Court deems just and equitable.

Dated: September 16, 2016
       New York, New York

                                      Nicholas M. Menasché, Esq.