USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIPPE NYC I LLC and PHILIPPE IP LLC,

Plaintiffs,

-against-

PHILIPPE WEST COAST, LLC, IMANI RESTAURANT GROUP, INC., IMANI HALLEY and YOLANDA HALLEY,

Defendants.

Case No. 14-cv-09858 (NRB)

Hon. Naomi Reice Buchwald

**DEFAULT JUDGMENT**

This action having been commenced on December 12, 2015, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the Defendants Philippe West Coast, LLC, Imani Restaurant Group, Inc., Imani Halley and Yolanda Halley (collectively, "Defendants") on December 13, 2015, and proof of service having been filed on January 20, 2015, with respect to all Defendants, and Defendants not having timely answered the Complaint after the Court denied Defendants' motion to dismiss and entered its order on March 24, 2016, and the time for answering the Complaint having expired, it is

**ORDERED, ADJUDGED AND DECREED**, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, that:

1. A Default Judgment is entered against Defendants;

2. Defendants, and all their officers, agents, servants, heirs, employees, successors, assigns, subsidiaries and affiliates, and all persons in privity with them, are permanently enjoined and restrained from

   a. Displaying, promoting, advertising, selling or offering for sale services and food under the Philippe, Philippe Chow, or Philippe

{00810076.DOC;1 }

        by Philippe Chow trademarks and service marks (the "Marks"), Plaintiffs' trade dress, or any other name or trade dress confusingly similar to the Marks and Plaintiffs' trade dress, in violation of Plaintiffs' rights;

b.    Injuring Plaintiffs' business reputation or diluting the distinctive quality of the Marks or Plaintiffs' trade name, Philippe;

c.    Passing off or otherwise representing to the trade or public in any way that any services or food sold by Defendants emanate from or are related in source or sponsorship of Plaintiffs; and

d.    Engaging in unfair competition or deceptive trade practices or acts in the conduct of Defendants' business by means of selling services or food under the Marks or Plaintiffs' trade dress, or any other name or trade dress confusingly similar to the Marks or Plaintiffs' trade dress;

3.    Plaintiffs has a Judgment against Defendants for:

a.    monetary damages, in an amount to be determined after a hearing by this Court, including prejudgment interest, attorneys fees, costs and expenses; and

b.    an accounting of Defendants' profits related to the above-described conduct, including trademark, service mark, and trade dress infringement, trademark and service mark dilution, false advertising, unfair competition, misappropriation of trade secrets, and breach of contract.

{00810076.DOC;1 }

Dated: New York, New York
            October 19            , 2016

                                                                           _____
                                                                                  U.S.D.J.

{00810076 DOC;1 }